

NUMBER 13-14-00202-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PAUL MICHAEL LOPEZ,                                         **Appellant,**

**v.**

THE STATE OF TEXAS,                                         **Appellee.**

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, Paul Michael Lopez, attempts to appeal from an order granting a writ issued in trial court cause number CR-892-12-G in the 370th District Court of Hidalgo County, Texas. We dismiss the appeal for want of jurisdiction.

On June 3, 2013, appellant was convicted of possession of child pornography. Appellant filed an application for writ of habeas corpus under article 11.072 of the Texas

Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2014).  On January 29, 2014, the trial court issued an order granting appellant's request for habeas corpus relief.  Appellant filed a notice of appeal on March 13, 2014.

On April 2, 2014, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.  Appellant has not filed a response to the Court's notice.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, unless a motion for new trial is timely filed.  TEX. R. APP. P. 26.2(a)(1).  Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court.  TEX. R. APP. P. 26.2(a)(2).  The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 26.3.

Appellant's notice of appeal was due to have been filed within thirty days after the trial court entered an appealable order on January 29, 2014.  *See* TEX. R. APP. P. 26.2(a)(1).  Appellant did not file his appeal until March 13, 2014.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss

2

the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2013 3d C.S.); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of May, 2015.